**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2842
_____

VALERIE L. REUBEN, Appellant

v.

U.S. AIRWAYS INC.; TSA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-01235)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 20, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed:  October 3, 2012)
_____

OPINION
_____

PER CURIAM.

Valerie Reuben, a *pro se* plaintiff proceeding *in forma pauperis*, sued U.S.

Airways Inc. ("U.S. Airways") and the Transportation Security Administration ("TSA"),

alleging that she became sick from exposure to smoke on a flight from Germany to

Chicago.  Because her allegations do not support an inference that any of the events in

question involved either of the named defendants, we will summarily affirm the District Court's order dismissing the complaint with prejudice.

## I.

Reuben alleges that, on March 10, 2010,[1] she was subjected to cigarette smoke in the non-smoking section of Lufthansa Flight No. 431 while on a trip from Germany to Chicago, Illinois. She claims that she was unable to breathe and vomited several times. According to Reuben, she was given three canisters of oxygen to assist her breathing for about five hours, but when that supply ran out the flight attendant told her that no more oxygen tanks were available. She then vomited repeatedly over the course of four hours and claims that she was denied permission to lie down. When the flight landed, she was dehydrated, dizzy, and unable to walk from the plane.[2]

Reuben filed her complaint in September 2011. Once service was effectuated, the defendants requested and received extensions of time to respond to the complaint and then filed separate motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, 28 U.S.C § 1915(e). The District Court subsequently had to issue several orders to show cause to illicit responsive filings from Reuben. After receiving all relevant submissions from the parties, the District Court granted the

---

[1] A full flight itinerary attached to Reuben's Show Cause Order Response indicates that the flight in question likely took place on May 9, 2010.

[2] Reuben filed several exhibits regarding a variety of medical problems that she has experienced, but the extent to which those exhibits are intended to describe injuries related to her claims is unclear because there is not an obvious nexus between the events alleged and many of the ailments described in the exhibits.

defendants' motions to dismiss. The District Court further determined that amendment would be futile and dismissed the case with prejudice. Reuben appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal of a complaint under Rule 12(b)(6) or dismissal under 28 U.S.C § 1915(e)(2)(b)(ii) is plenary. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We review the district court's denial of leave to amend for abuse of discretion. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

## III.

A well-pleaded complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not suffice. Id. (citing Twombly, 550 U.S. at 555). The plausibility standard requires "more than a sheer possibility" that a defendant is liable for the alleged misconduct. Id.

Reuben's complaint fails as to both defendants because there are no factual allegations from which this Court may infer that either defendant had anything to do with her claims. Aside from the caption, in which Reuben lists the two defendants, there is no reference to either the TSA or US Airways in the complaint. Rather, Reuben stated that

3

she was on a Lufthansa plane, and she attached copies of Lufthansa boarding passes for an April 25, 2010 trip to her complaint. Reuben also attached a copy of an administrative complaint that she filed with TSA in which she names United Airlines as the domestic carrier involved in the alleged matter. In her May 4, 2011 Response to Order to Show Cause, Reuben provided the District Court with a copy of an e-mail that indicates that the trip was booked through Continental Airlines. In order for Reuben's claims to survive a Rule 12(b)(6) dismissal, she must identify the proper defendants. It is apparent that she has not done so here. The District Court was correct in dismissing the case.

## IV.

As the District Court noted, courts must provide the opportunity to amend a complaint that is subject to a Rule 12(b)(6) dismissal unless doing so would be inequitable or futile. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Here, two parties have had to bear the expense of litigation for a matter in which they had no apparent hand. Reuben has passed up several opportunities to provide the Court with any indication that the named defendants are relevant parties to her cause of action. Equity weighs in favor of granting these defendants closure. And we are satisfied that the record supports the District Court's determination that amendment would be futile. Accordingly, we conclude that the District Court did not abuse its discretion in dismissing the complaint with prejudice.

4

**V.**

Based on the foregoing, we conclude that Reuben's appeal raises no substantial issue. We will summarily affirm the District Court's order granting the defendants' motions to dismiss and dismissing the case with prejudice.